FILED
 2011 Jun-16 PM 04:01
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **GARY W. ISBELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:10-CV-3259-VEH |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on "Commissioner's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) with Reversal and Remand of the Cause to Defendant" (Doc. 12) (the "Motion"), filed on June 1, 2011. In his Motion, the Commissioner contends that a judgment of reversal with a remand is appropriate so that an administrative law judge ("ALJ") can "offer claimant the opportunity for a new hearing and to seek representation, if desired." (Doc. 12-1 at 2).

Also, the Commissioner states that on remand "[t]he ALJ will develop a full and fair record during the hearing and will obtain and evaluate all treatment and

examination records, including any new or additional evidence submitted by claimant." (*Id.*). Finally, the Commission indicates that "[t]he ALJ will further evaluate claimant's residual functional capacity (RFC) and will obtain testimony from a vocational expert if necessary." (Doc. 12-1 at 2).

On June 3, 2011, Plaintiff was ordered to show cause, within fourteen days, why the Commissioner's Motion should not be granted. (Doc. 13). The Commissioner responded to the show cause order on June 7, 2011, clarifying the relief being sought (*see* Doc. 14), and Plaintiff did on June 8, 2011. (Doc. 15). In his response, Plaintiff indicates that he "has no objection and is in agreement that the Commissioner's Motion for Entry of Judgment under Sentence Four of 42 U.S.C. § 405(g) with Remand of the Cause to the Defendant should be granted by this Honorable Court." (Doc. 15 at 1).

Under Sentence Four of 42 U.S.C. § 405(g), the court has the power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (quoting 42 U.S.C. § 405(g)). In light of this statutory authority and in the absence of any opposition from Plaintiff, the Commissioner's Motion is **GRANTED**. Accordingly, the decision of the Commissioner is hereby **REVERSED**, and this action is **REMANDED** to the

Commissioner for further proceedings consistent with the parameters that are set forth herein.

This order does not address Plaintiff's arguments in favor of reversal of the Commissioner's final decision that gave rise to this appeal, and is entered without prejudice to Plaintiff's right to reassert those arguments in a subsequent appeal should the Commissioner issue an unfavorable decision following remand.

Should this remand result in the award of benefits, Plaintiff's attorney is hereby granted, pursuant to Rule 54(d)(2)(B), an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b), until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. ***This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.***

**DONE** and **ORDERED** this the 16th day of June, 2011.

*/s/ Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge